David L. Cheng (SBN 240926)
*dcheng@fordharrison.com*
Min K. Kim (SBN 305884)
*mkim@fordharrison.com*
FORD & HARRISON LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

Attorneys for Defendant,
OTO DEVELOPMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKOL LOCKETT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OTO DEVELOPMENT, LLC; and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. 2:22-cv-04730<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>Complaint Filed: May 26, 2022<br>Removal Filed: July 11, 2022 |

# TABLE OF CONTENTS

**Page**

I. PLEADINGS AND PROCESS, AND ORDERS ............................................ 1

II. TIMELINESS OF REMOVAL ....................................................................... 2

III. VENUE ............................................................................................................ 3

IV. INTRA-DISTRICT ASSIGNMENT ............................................................... 3

V. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT ................................................................................................ 3

    A. Citizenship of Parties ............................................................................ 4

    B. The Amount in Controversy Exceeds $5 Million and Plaintiff's Classes are More than 100 Class Members ......................... 5

VI. NOTICE OF REMOVAL ............................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Arias v. Residence Inn*,
   936 F.3d 920 (9th Cir. 2019) ................................................................................. 6

*Behrazfar v. Unisys Corp.*,
   687 F. Supp. 2d 1199 (E.D. Cal. 2008) .................................................................. 7

*Cagle v. C&S Wholesale Grocers, Inc.*,
   2014 WL 651923 (E.D. Cal. Feb. 19, 2014) ........................................................... 7

*Cortez v. United Natural Foods, Inc.*,
   2019 U.S. Dist. LEXIS 31540 (N.D. Cal. Feb. 27, 2019) ............................... 11, 12

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   574 U.S. 81 (2014) .............................................................................................. 5, 6

*Fritsch v. Swift Transp. Co.*,
   899 F.3d 785 (9th Cir. 2018) .......................................................................... 11, 12

*Ibarra v. Manheim Investments, Inc.*,
   775 F.3d 1193 (9th Cir. 2015) .............................................................................. 5, 6

*Kanter v. Warner-Labert Co.*,
   265 F.3d 853 (9th Cir. 2001) ................................................................................. 4

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ............................................................................... 4

*Kastler v. Oh My Green, Inc.*,
   2019 U.S. Dist. LEXIS 185484 (N.D. Cal. Oct. 25, 2019) .................................. 12

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ................................................................... 7

*Krug v. Wells Fargo Bank, N.A.*,
   2011 WL 6182341 (N.D. Cal. Dec. 13, 2011) ....................................................... 2


*Luckett v. Delta Airlines, Inc.*,
   171 F.3d 295 (5th Cir. 1999) .................................................................................... 7

*Mejia v. DHL Express (USA), Inc.*,
   2015 WL 2452755 (C.D. Cal. May 21, 2015) ....................................................... 7, 8

*Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) .................................................................................................. 2

*Ramirez v. Benihana Nat'l Corp.*,
   2019 U.S. Dist. LEXIS 3537 (N.D. Cal. Jan. 8, 2019) ........................................... 12

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
   303 U.S. 283 (1938) .................................................................................................. 5

**FEDERAL STATUTES**

28 U.S.C. § 84(c)(2) ...................................................................................................... 3
28 U.S.C. § 1332(d) ............................................................................................... 1, 3, 5
28 U.S.C. § 1332(d)(2) ............................................................................................ 3, 4, 5
28 U.S.C. § 1332(d)(2)(A) ............................................................................................. 5
28 U.S.C. § 1332(d)(3)-(5) ............................................................................................. 3
28 U.S.C. § 1332(d)(5)(B) ............................................................................................ 13
28 U.S.C. § 1332(d)(6) .................................................................................................. 5
28 U.S.C. § 1332(d)(10) ............................................................................................ 4, 5
28 U.S.C. § 1441(a) ............................................................................................... 1, 3, 5
28 U.S.C. § 1446 ............................................................................................................ 1
28 U.S.C. § 1446(b) ................................................................................................... 1, 2
28 U.S.C. § 1446(c)(1) ................................................................................................... 4
28 U.S.C. § 1446(d) ....................................................................................................... 2
28 U.S.C. § 1453(b) ....................................................................................................... 4

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ................................................................................ 1, 8

Cal. Lab. Code § 201 .............................................................................................. 1, 8
Cal. Lab. Code § 203 ........................................................................................ 1, 8, 10
Cal. Lab. Code § 204 .............................................................................................. 1, 8
Cal. Lab. Code § 226 .............................................................................................. 1, 8
Cal. Lab. Code § 226(a) ............................................................................................ 10
Cal. Lab. Code § 226(e)(1) ........................................................................................ 11
Cal. Lab. Code § 226.7 ........................................................................................... 1, 8
Cal. Lab. Code § 512 .............................................................................................. 1, 8
Cal. Lab. Code § 1194 ............................................................................................ 1, 8
Cal. Lab. Code § 1198 ............................................................................................ 1, 8
Cal. Lab. Code § 2802 ............................................................................................ 1, 8
Cal. Code of Civil Procedure § 382 .............................................................................. 3
Cal. Code of Civil Procedure § 1021.5 ....................................................................... 11

**FEDERAL RULES**

Fed. R. Civ. Proc. 6(a) ................................................................................................ 2

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that defendant OTO Development, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(d) (Diversity under Class Action Fairness Act), 1367(a) (Supplemental Jurisdiction), 1441(a), 1441(b), 1446 and 1453, based on the following facts:

## I. PLEADINGS AND PROCESS, AND ORDERS

1. On May 26, 2022, Plaintiff Nikol Lockett ("Plaintiff") individually and on behalf of all others similarly situated, filed a complaint against Defendant entitled "*NIKOL LOCKETT, individually, and on behalf of all others similarly situated v. OTO DEVELOPMENT, LLC, et al.*," in the Superior Court of California, County of Los Angeles, Case No. 22STCV17405 (hereinafter, the "Complaint"). A true and correct copy of the Complaint is attached to the Declaration of Min K. Kim, ¶ 2 ("Kim Decl.") as **Exhibit A**. The allegations in the Complaint are incorporated for reference in this notice of removal but are not admitted.

2. The Complaint alleges eight causes of action which Plaintiff pursues on a class-wide basis: (1) failure to pay minimum wages (Cal. Lab. Code §§ 204, 1194. 1194.2 and 1197); (2) failure to pay overtime compensation (Cal. Lab. Code §§ 1194 and 1198); (3) failure to provide meal periods (Cal. Lab. Code §§ 226.7, 512); (4) failure to authorize and permit rest breaks (Cal. Lab. Code §§ 226.7); (5) failure to indemnify necessary business expenses (Cal. Lab. Code §§ 2802); (6) failure to timely pay final wages at termination (Cal. Lab. Code §§ 201-203); (7) failure to provide accurate itemized wage statements (Cal. Lab. Code §§ 226); (8) unfair business practices (Cal. Bus. & Prof. Code §§ 17200, et seq.). (*See generally* Ex. A. *supra*.)

///

3. True and correct copies of the Summons, Civil Case Cover Sheet, Notice of Case Assignment Unlimited Civil Case, First Amended General Order, Order Pursuant to CCP 1054(a), Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation, Voluntary Efficient Litigation Stipulations Package, Alternate Dispute Resolution Packet, Initial Status Conference Order, Court Order re: Newly Filed Class Action, and Notice of Initial Status Conference are attached to the Kim Decl. as **Exhibit B**.

4. A true and correct copy of Proof of Personal Service of Summons and Complaint is attached to the Kim Decl. as **Exhibit C**.

5. A true and correct copy of Defendant's Answer to Plaintiff's Complaint, filed with the state court on July 11, 2022 is attached to the Kim Decl. as **Exhibit D**.

6. Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders received by Defendant or filed with the Court in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, County of Los Angeles or served by any party. (Kim Decl., ¶ 6.)

## II. TIMELINESS OF REMOVAL

7. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days after June 10, 2022, date on which Defendant was served with the Complaint. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The 30-day period for removal runs from the date of service of the summons and complaint, as governed by state law. *See id.* Here, the last day for removal falls on July 11, 2022, accounting for weekends and holidays. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a); *Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190, 2011 WL 6182341, *1 (N.D. Cal. Dec. 13, 2011). Accordingly, this Notice of Removal has been timely filed within the time provided by 28 U.S.C. § 1446(b).

### III. VENUE

8. The United States District Court for the Central District of California is the proper venue for removal pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Superior Court of the State of California for the County of Los Angeles, which is located within the Central District of California. 28 U.S.C. § 84(c)(2).

### IV. INTRA-DISTRICT ASSIGNMENT

9. Pursuant to C.D. Cal. General Order No. 19-03, Section I.B.1.b., this action should be assigned to a judge sitting within the Western Division because the action arises in Los Angeles County, unless adjustments are required as described in the above cited General Order.

### V. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

10. This Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d). CAFA provides the federal district courts with original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5 million exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

11. Here, removal is proper under CAFA because, as set forth below, the case is filed as a civil class action, the amount in controversy allegedly exceeds $5 million exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different from Defendant. The exceptions set forth in 28 U.S.C. § 1332(d)(3)-(5) are not applicable here.

12. This action was initially brought pursuant to California Code of Civil Procedure § 382 on behalf of "[a]ll person who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and

ending when notice to the Class is sent." (Compl., ¶¶ 21-23, Ex. A to Kim Decl., ¶ 2.) The size of the class is unknown to Plaintiff. However, Plaintiff claims that the members of the putative class are so numerous that the joinder of all members is impracticable. (*Id.* at ¶ 26.)

### A. Citizenship of Parties

13. Pursuant to 28 U.S.C. § 1453(b), "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." CAFA's diversity requirement is satisfied when any member of a class of citizens is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2).

14. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Labert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

15. Here, Plaintiff alleges that she "is a California resident that worked for Defendants in the County of Los Angeles, State of California." (Compl., ¶ 7, Ex. A to Kim Decl.) Accordingly, Plaintiff is a citizen of the State of California for diversity purposes. *Kanter*, 265 F.3d at 857.

16. For purposes of CAFA, "an unincorporated association such as an LLC is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

17. Defendant is a limited liability company that is organized under the laws of the State of Delaware, with its principal place of business in the State of South Carolina.

18. Accordingly, Defendant is a citizen of South Carolina and Delaware for purposes of diversity jurisdiction. 28 U.S.C. § 1332(d)(10).

19. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

20. Here, diversity of citizenship is met because Plaintiff is a citizen of California while Defendant is a citizen of South Carolina and Delaware. Therefore, the minimal diversity requirement is fully satisfied. *See*, 28 U.S.C. § 1332(d)(2)(A).

### B. The Amount in Controversy Exceeds $5 Million and Plaintiff's Classes are More than 100 Class Members

21. CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). Further, CAFA may only be invoked if the proposed class contains at least 100 members. 28 U.S.C. § 1332(d).

22. "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Investments, Inc.* (9th Cir. 2015) 775 F.3d 1193, 1197 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Ibid.*

23. Plaintiff has not alleged a specific amount in controversy in her Complaint. A "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

*Dart Cherokee Basin Operating Co., LLC v. Owens¸* 574 U.S. 81, 89 (2014). If the plaintiff or the court contests a defendant's allegations, however, "[e]vidence establishing the amount is required." (*Id.*) As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011). *See also Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019) ("a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements") (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

24. Here, Defendant can plausibly allege, based on Plaintiff's Complaint and her prayer for relief, that the amount in controversy for Plaintiff's class-wide claims exceeds $5 million. The assertions of Defendant herein are limited to its preliminary understanding of Plaintiff's claims and data currently available to Defendant.

25. Plaintiff has defined the proposed Class as "[a]ll person who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent." (Compl., ¶ 23.) (the "Proposed Class Members"). During the period of May 26, 2018 to July 11, 2022 (the date of removal) (hereinafter, the "Relevant Time Period"), based on the personnel and payroll records of those whom Defendant employed as hourly non-exempt employees during the Relevant Time Period, Defendant employed 2,624 individuals in California as hourly, non-exempt employees. The employees in

question were employed full-time, and worked eight hours a day for 5 days a week. Accordingly, based on the employees' shift lengths and workweek schedules, it is reasonable to assume that all 2,624 employees in question are members of the Proposed Class Members. Based on the Proposed Class Members' personnel and payroll records, the average hourly rate of the Proposed Class Members is $16.31 per hour. As of the date of the removal, the Proposed Class Members worked approximately 132,046 workweeks in the Relevant Time Period.

26. While Defendant denies Plaintiff's claims of wrongdoing and denies her request for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of wages, penalties and attorneys' fees at issue in this action, when viewed in the light most favorable to Plaintiff, is in excess of the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, __ F.R.D. ___, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor does Defendant need to provide summary judgment-type evidence. *Cagle*, 2014 WL 651923, *7.

27. Where a plaintiff alleges that a defendant "'adopted and maintained uniform policies, practices and procedures' that caused the purported violations of California's [break laws] … [i]t is not unreasonable to assume that when a company has unlawful policies and they are uniformly 'adopted and maintained,' then the company may potentially violate the law in each and every situation where those

policies are applied." *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCx, 2015 WL 2452755, *4 (C.D. Cal. May 21, 2015) (emphasis added). In that instance, the district court found that "a 100% violation rate is not an unreasonable assumption to use in estimating the amount in controversy in light of the allegations in the complaint." *Id.*

28. Here, Plaintiff alleges eight causes of action: (1) failure to pay minimum wages (Cal. Lab. Code §§ 204, 1194. 1194.2 and 1197); (2) failure to pay overtime compensation (Cal. Lab. Code §§ 1194 and 1198); (3) failure to provide meal periods (Cal. Lab. Code §§ 226.7, 512); (4) failure to authorize and permit rest breaks (Cal. Lab. Code §§ 226.7); (5) failure to indemnify necessary business expenses (Cal. Lab. Code §§ 2802); (6) failure to timely pay final wages at termination (Cal. Lab. Code §§ 201-203); (7) failure to provide accurate itemized wage statements (Cal. Lab. Code §§ 226); (8) unfair business practices (Cal. Bus. & Prof. Code §§ 17200, et seq.). (*See generally* Ex. A. *supra*.)

29. Plaintiff seeks unpaid wages, unpaid premium compensation, interest, penalties, as well as attorneys' fees and costs. Plaintiff seeks recovery of the aforementioned remedies for all members of the Proposed Class. (*See*, *e.g.*, *id.* at Prayer for Relief, ¶¶ 4-46.)

**Failure to Provide Meal Periods Claim**

30. As for her Third Cause of Action, Plaintiff alleges that "Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law." (Compl., at ¶ 51, Ex. A to Kim Decl., ¶ 2.) Plaintiff further alleges that "Plaintiff and the Class were not permitted to leave the premises during meal and rest breaks. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law." (*Id.*, ¶ 16.) In other words, the Complaint alleges that Defendant "controlled" Proposed Class Members during every meal break because they were "not permitted to leave the premises."

31. Based on her allegations, Plaintiff alleges that the Proposed Class Members were prevented from taking any lawful meal breaks for each shift they worked. This type of allegation permits a reasonable assumption of a 100 percent violation rate, or 5 hours of pay per week for 5 days of missed meal breaks. However, using a conservative assumption that the Proposed Class Members were not provided with one meal break per workweek, then based on the Proposed Class' average rate of pay ($16.31/hour) and their respective number of workweeks (132,046 workweeks), the meal break violation claim alleges at least **$2,153,670.26** ($16.31/hour x 1 hour x 132,046 workweeks) in damages.[1]

**Failure to Provide Rest Periods Claim**

32. As for her Fourth Cause of Action, Plaintiff alleges that "Defendant did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods…Plaintiff and the Class were also required to stay on the premises during rest breaks. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law" (Compl., at ¶ 17, Ex. A to Kim Decl., ¶ 2.)

33. Similar to her meal break claim, Plaintiff alleges that Defendant "controlled" Proposed Class Members during every rest break because they were "not permitted to leave the premises." Based on her allegations, Plaintiff is claiming that the Proposed Class Members were prevented from taking any lawful rest breaks for each shift they worked. This type of allegation permits a reasonable assumption of a 100 percent violation rate. However, using a conservative assumption that the Proposed Class Members were not provided with one rest break per workweek, based on the Proposed Class members' average rate of pay ($16.31/hour) and their respective number of workweeks (132,046 workweeks), the

---

[1] The meal break calculation is reasonable as it is only accounting for the alleged violation of the first meal break, not the second meal break.

rest break violation claim alleges at least **$2,153,670.26** ($16.31/hour x 1 hour x 132,046 workweeks) in damages.

**Failure to Timely Pay Final Wages at Termination Claim**

34. As for the Sixth Cause of Action, Plaintiff also claims that "throughout the statutory period, Plaintiff and the Class received pay cards as their final pay, but Plaintiff and the Class were charged a fee when withdrawing monies from those pay cards, leading to underpayment of wages." (*Id.*, ¶ 15.) Plaintiff also alleges that "[t]hroughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum wages, overtime wages, meal period premium wages, and rest period premium wages. Defendants also did not pay the final wages timely after termination." (*Id.* at ¶ 19.)

35. Plaintiff seeks "penalties pursuant to California Labor Code § 203" as a result of this alleged failure to pay all wages at termination. (*Id.*, at Prayer for Relief, ¶ 31.) Given the three-year statute of limitations for claims under section 203, at least 1,613 class members were terminated after May 26, 2019. The average daily shift for these employees was eight hours in length. Assuming *arguendo* the truth of Plaintiff's allegations that these employees are entitled to waiting time penalties, the amount in controversy is estimated to be at least **$6,313,927.20** (1,613 terminations x $16.31/hour x 8 hours x 30 days).

**Failure to Provide Accurate Itemized Wage Statements Claim**

36. For the Seventh Cause of Action, Plaintiff alleges that Defendant, "failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned…Further, the wage statements do not show Defendant's address as required by California law. As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury…" (*Id.*, at ¶ 20.) Plaintiff further alleges that "Defendants have intentionally and willfully failed to provide employees with

complete and accurate wage statements. (*Id.*, at ¶ 70.)

37. "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Cal. Labor Code ¶ 226(e)(1).

38. Proposed Class Members received one wage statement every two weeks. Given the one-year statute of limitations for this claim, if every Proposed Class Member that worked after May 26, 2021, is awarded $50 for the first week he or she worked, and $100 for every workweek thereafter, then this claim puts **$1,557,450.00** at stake.

39. The amount in controversy for *only* Plaintiff's third (meal break violation claim), fourth (rest break violation claim), sixth (waiting time penalties) and seventh (wage statement claim) causes of action is estimated to be at least **$12,178,717.70**, exclusive of attorneys' fees and interest.

40. Plaintiff also seeks an award of reasonable attorneys' fees and costs for the Proposed Class Members pursuant to the California Code of Civil Procedure § 1021.5. (*See* Prayer for Relief, Ex. A to Kim Decl.) "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co.*, 899 F.3d 785, 794 (9th Cir. 2018). "[I]f the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are 'at stake' in the litigation,' and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." *Id.*

41. Although *Fritsch* has rejected an automatic assumption that a 25 percent fee recovery will be awarded in a wage and hour class action, the *Fritsch* court still permits use of a "percentage based method" "when estimating the amount

of attorneys' fees included in the amount in controversy." *Id.*, at 796, n.6. District courts have recognized this important caveat in *Fritsch. See Cortez v. United Natural Foods, Inc.*, 2019 U.S. Dist. LEXIS 31540, *22-23 (N.D. Cal. Feb. 27, 2019) ("while the Ninth Circuit refused to hold that a court must always use the 25% rate of the final award to determine future attorneys' fees, the Court did 'not hold that a percentage-based method is never relevant when estimating the amount of attorneys' fees included in the amount in controversy.'").

42. The rule now is merely that a removing defendant cannot assume that such a percentage will be awarded. As a result, several district courts, after *Fritsch*, have held that where nothing about a wage and hour class action suggests that there would be a downward departure from the 25 percent benchmark, such a percentage is appropriate. *See Cortez*, 2019 U.S. Dist. LEXIS 31540, *23 (N.D. Cal. Feb. 27, 2019) (relying on *Fritsch*, holding that "[i]n the Court's experience, this appears to be a typical wage and hour class action to which courts in this Circuit would likely apply the 25% benchmark rate."); *Kastler v. Oh My Green, Inc.*, 2019 U.S. Dist. LEXIS 185484, *18 (N.D. Cal. Oct. 25, 2019) (following *Fritsch*, and holding that "[a]lthough Defendant provide[d] very little to support a 25% fee calculation," the court, relying "on its own knowledge of customary rates and [its] experience concerning reasonable and proper fees," found that it was reasonable); *Ramirez v. Benihana Nat'l Corp.*, 2019 U.S. Dist. LEXIS 3537, *6 (N.D. Cal. Jan. 8, 2019) ("While the Court acknowledges the 25% benchmark does not automatically apply in all cases, see *Fritsch*, 899 F.3d at 796…none of the factors counseling against the application of the 25% benchmark have been raised by plaintiffs, nor does the record before the Court otherwise reflect a departure from such benchmark is warranted.").

43. Therefore, because nothing about this wage and hour class action suggests that a downward departure is warranted, this Court should consider attorneys' fees to be 25 percent of the fund. Considering the sum of the potential

damages for only the third, fourth, six, and seventh causes of action are estimated to be at least **$12,178,717.70**, it is reasonable to assume *arguendo* that the potential attorneys' fees would be $3,044,679.43 ($12,178,717.70 x 25%) for these four causes of action. This calculation would put a total of **$15,223,397.10** in controversy ($12,178,717.70+ $3,044,679.423 = $15,223,397.10).

44. Accordingly, the amount of attorneys' fees at stake in this case add even more to the amount in controversy.

45. Finally, CAFA's numerosity requirement of the proposed class having at least 100 class members is satisfied at the very least by the 2,624 Proposed Class Members identified herein above. *See* 28 U.S.C. § 1332(d)(5)(B).

**VI.  NOTICE OF REMOVAL**

46. A copy of this notice of removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

47. By removing the action to this Court, Defendant does not waive any defenses, objections, or motions available to them under state or federal law. Defendant expressly reserves the right to require that the claims of Plaintiff and/or all members of the putative class be decided on an individual basis.

48. WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

///
///
///
///
///
///
///
///

| | |
|---|---|
| | Respectfully submitted, |
| Date: July 11, 2022 | FORD & HARRISON LLP |
| | By: */s/ Min Kim* |
| | David L. Cheng |
| | Min K. Kim |
| | Attorneys for Defendant, |
| | OTO DEVELOPMENT, LLC |

# PROOF OF SERVICE

I, Lillian Marquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **July 11, 2022**, I served a copy of the following document(s) described below on the interested parties in this action, as follows:

### DEFENDANT'S NOTICE OF REMOVAL

| | |
|---|---|
| Kane Moon, Esq.<br>H. Scott Leviant, Esq.<br>Mariam Ghazaryan, Esq.<br>MOON & YANG, APC<br>1055 W. Seventh Street, Suite 1880<br>Los Angeles, CA 90017<br>Tel.: (213) 232-3128<br>Fax: (213) 232-3125<br>Email: kane.moon@moonyanglaw.com<br>       scott.leviant@moonyanglaw.com<br>       mariam.ghazaryan@moonyanglaw.com | Attorneys for Plaintiff,<br>NIKOL LOCKETT |

[x] **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

[x] **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct.

Executed on **July 11, 2022**, at Los Angeles, California.

*/s/ Lillian Marquez*
_____
Lillian Marquez